```
LAW OFFICES OF TODD F. HAINES
TODD F. HAINES, ESQ. (SBN: 144429)
SHAN H. YAMAMOTO, ESQ. (SBN: 253262)
BRIAN P. TAPPER, ESQ. (SBN: 256580)
30495 CANWOOD STREET, SUITE 100
AGOURA HILLS, CA 91301
phone: (818) 597-2240
fax  : (818) 597-2120
```

Attorneys for Plaintiff
**METROPOLITAN DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, a corporation,<br><br>                 Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, a government entity; GEORGE ABADANO, an individual; and Does 1 through 10<br><br>                 Defendants. | CASE NO.<br><br>COMPLAINT FOR MONEY (Automobile Subrogation)<br><br>AMOUNT DEMANDED DOES NOT EXCEED $10,000.00 (Amount demanded is $6,320.92)<br><br>LIMITED JURISDICTION CIVIL |

Plaintiff alleges as follows:

### GENERAL ALLEGATIONS

1. Plaintiff, Metropolitan Direct Property and Casualty Insurance Company, a corporation ("PLAINTIFF") is, and at all times herein mentioned was, a corporation organized and existing under and by virtue of the laws of its State of incorporation and authorized to transact, and is transacting a business in this State as a property and casualty insurer duly authorized and licensed under the

COMPLAINT                                       1

1 | laws of the State of California.

2. As used herein, "INSURED," or "PLAINTIFF's INSURED" refers to Vivek Bhat & Vasudha Hegde.

3. As used herein, the "accident date" refers to June 14, 2017.

4. As used herein, "defendant operator" refers to George Abadano and does 1 through 10.

5. As used herein, "defendant owners" refers to the United States of America and/or the Department of Homeland Security, and does 1 through 10. At all times herein relevant, defendant operator was an agent and/or employee of defendant owners, and acting within the course and scope of said agency and/or employment.

6. As used herein, the "accident location" refers to the intersection of Carl Street and Coleman Avenue in the City of Santa Clara. PLAINTIFF brings the within action subsequent to having brought a claim for damages with the United States of America. The United States of America did not respond to PLAINTIFF's timely claim.

//
//
//
//
//
//
//
//
//

7. The true names and capacities whether individual, corporate, associate or otherwise of defendants sued herein as DOES 1 through 10, inclusive, are unknown to PLAINTIFF at the time of filing this Complaint and, therefore, PLAINTIFF sues said defendants by such fictitious names. PLAINTIFF will ask leave of Court to amend this Complaint to allege their true names and capacities when the same shall have been ascertained, together with appropriate charging allegations, if necessary. PLAINTIFF is informed, believes and thereon alleges that each of the fictitiously named defendants is responsible, in some manner, for the events and happenings hereinafter set forth.

8. At all times herein mentioned, PLAINTIFF was a party to a written contract of insurance with PLAINTIFF's INSURED, which provided, among other things, that PLAINTIFF would reimburse PLAINTIFF's INSURED for damages to vehicles owned by PLAINTIFF's INSURED, and to persons operating or using such vehicles.

9. At all times herein mentioned, each of the defendants was an agent, employee or representative of each of the remaining defendants, and at all times herein mentioned, acted within the course and scope of said agency, employment or representation.

10. The INSURED's policy with PLAINTIFF covered the INSURED automobile for collision damage.

//
//
//
//

## FIRST CAUSE OF ACTION
### (Subrogation)

11. PLAINTIFF realleges and incorporates herein by reference paragraphs 1 through 10, inclusive, with the same force and effect as though said allegations were fully set forth herein.

12. That on the accident date at the accident location, defendant operator was operating a vehicle owned by, and with the consent, permission and knowledge of defendant owners.

13. At said time and place, defendant operator so negligently operated, maintained and controlled the vehicle being driven by said defendant as to cause it to collide with PLAINTIFF's INSURED's vehicle.

14. As a direct and proximate result of the negligence of defendants, and each of them, PLAINTIFF paid damages to PLAINTIFF's INSURED for property damages, and, PLAINTIFF became, and now is, subrogated to all rights of PLAINTIFF's INSURED for such amounts paid by PLAINTIFF.

15. PLAINTIFF's INSURED has assigned to PLAINTIFF his/her right to collect the deductible paid by PLAINTIFF's INSURED. PLAINTIFF and PLAINTIFF's INSURED, have paid the sum of $6,320.92, and PLAINTIFF is entitled to recover from defendants, and each of them, the sum of $6,320.92, together with interest at the rate of 10% per annum since demanded June 14, 2017.

//

//

//

**WHEREFORE**, PLAINTIFF prays judgment as follows:

1. Damages in the sum of $6,320.92, together with interest thereon at the rate of 10% per annum from June 14, 2017;
2. For costs of suit herein; and
3. For such other and further relief as the Court deems just and proper.

Dated: October 21, 2019          LAW OFFICES OF TODD F. HAINES

By: _____
TODD F. HAINES, ESQ.
Attorneys for Plaintiff
METROPOLITAN DIRECT PROPERTY
AND CASUALTY INSURANCE COMPANY

BT\415-551